IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kevin Pitts, | C/A No. 6:17-697-JFA-KFM |
| Petitioner, | |
| v. | **ORDER** |
| Warden of Lee Correctional Institution, | |
| Respondent. | |

### I. Introduction

Kevin Pitts ("Petitioner" or "Pitts") filed his second pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 while confined at Lee Correctional Institution of the South Carolina Department of Corrections. Petitioner seeks to vacate his 2006 state convictions of murder and possession of a weapon during the commission of a violent crime in the Anderson County Court of General Sessions. (ECF No. 1). His alleged grounds for relief include ineffective assistance of counsel, lack of probable cause for arrest, newly discovered evidence, and prosecutorial misconduct. *Id.* Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(C) (D.S.C.), this matter was referred to the Magistrate Judge.

According to the Rules Governing Section 2254 Cases in the United States District Courts, the Magistrate Judge thoroughly examined Pitts' petition to determine if, when liberally construed, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." SECT 2254 Rule 4.

The Magistrate Judge assigned to this action[1] then prepared a thorough Report and Recommendation ("Report") and opines that this court should dismiss Pitts' petition for failure to obtain leave from the Fourth Circuit Court of Appeals to file a successive petition. The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation. Pitts was advised of his right to object to the Report, which was entered on the docket on April 13, 2017. (ECF No. 11). Wilson filed objections to the Report on April 26, 2017. (ECF No. 14). Thus, this matter is ripe for review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## II. Discussion

Petitioner asserts a single objection to the Report in which he states that he has newly discovered evidence. (ECF No. 14). However, Petitioner's objection misses the mark.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

As explained in the Report, Pitts' current petition is successive and "even if the petitioner has obtained newly discovered evidence, he still must move in a court of appeals for an order to authorize the district court to consider a successive § 2254 petition." (ECF No. 11 p. 4) (citing 28 U.S.C. § 2244(b); *Kelly v. South Carolina Dep't of Corr.*, 382 F. App'x 284 (4th Cir. June 9, 2010)). Therefore, Petitioner must seek authorization from the United States Court of Appeals for the Fourth Circuit to file a successive petition for habeas corpus. Without authorization, this Court is without jurisdiction to consider a successive petition. *See United States v. Winestock,* 340 F.3d 200, 205–06 (4th Cir. 2003).

### III. Conclusion

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation, and dismisses the petition without requiring the respondent to file a return.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

April 28, 2017  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."